**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4117**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

JOSEPH ALEXANDER CLINTON,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:10-cr-00208-RJC-DSC-1)

Submitted: November 22, 2013     Decided: November 27, 2013

Before GREGORY, DUNCAN, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Leslie Carter Rawls, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Melissa L. Rikard, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Alexander Clinton was convicted by a jury of conspiracy to obstruct, delay, and affect commerce in violation of 18 U.S.C. § 1951 (2012) (Count 1); obstruct, delay, and affect commerce and aiding and abetting the same in violation of § 1951 and 18 U.S.C. § 2 (2012) (Count 2); and use, carry, and discharge of firearm in furtherance of a crime of violence and aiding and abetting the same in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (2012) & § 2 (Count 3). Clinton's convictions were based on his participation in the robbery of a store and his and his co-conspirators flight from police. Clinton was sentenced to sixty-month concurrent sentences for Counts 1 and 2 and a ten-year consecutive sentence for the firearm violation in Count 3, because the court found at sentencing that the firearm at issue was discharged.

On appeal, Clinton only challenges his 120-month mandatory minimum consecutive sentence for his § 924(c) violation. Clinton notes that he was only indicted for, and the jury was only instructed on, whether he used or carried a firearm. Thus, he argues, his conviction is now erroneous, based on the Supreme Court's later opinion in Alleyne v. United States, 133 S. Ct. 2151 (2013). While Clinton concedes that the facts at trial proved that the pistol at issue was brandished, and, thus, his maximum sentence would be seven years under

§ 924(c)(1)(A)(ii), he contends that his ten-year mandatory sentence, under § 924(c)(1)(A)(iii), for discharging the firearm was erroneous in light of Alleyne. For the reasons that follow, we affirm.

Defense counsel understandably failed to object to Clinton's ten-year sentence on the basis of Alleyne, or a related Sixth Amendment basis, as that opinion issued after Clinton was sentenced. Because, however, there was no objection made on this basis in the district court, Clinton raises the issue for the first time on appeal and we review the claim for plain error only. Fed. R. Crim. P. 52(b). The Supreme Court has held that the plain error standard applies even in cases where the relevant rule of law was not established until after trial. See Johnson v. United States, 520 U.S. 461, 464 (1997). An error in instructing the jury is harmless if it is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." Neder v. United States, 527 U.S. 1, 18 (1999).

To demonstrate plain error, an appellant must show that (1) there was error, (2) the error was plain, (3) the error affected his substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. Johnson, 520 U.S. at 464-66 (citing United States v. Olano, 507 U.S. 725, 732 (1993)). This Court

3

has held that a defendant who failed to preserve his objection to a flawed instruction "must demonstrate that the erroneous instruction given resulted in his conviction, not merely that it was impossible to tell under which prong the jury convicted." United States v. Robinson, 627 F.3d 941, 954 (4th Cir. 2010) (quotation marks and alterations omitted).

In Alleyne, the Supreme Court held that any fact that increases the statutory mandatory minimum sentence is an element of the offense and must be submitted to the jury and found beyond a reasonable doubt. 133 S. Ct. at 2155. The Alleyne Court overruled Harris v. United States, 536 U.S. 545 (2002), which "held that judicial factfinding that increases the mandatory minimum sentence for a crime is permissible under the Sixth Amendment." Alleyne, 133 S. Ct. at 2155. Pursuant to Alleyne, "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury." Id. The Alleyne opinion found that the trial court erred when it imposed a seven-year mandatory minimum sentence on a § 924(c) conviction, because the jury had not found the facts supporting the mandatory minimum beyond a reasonable doubt. Alleyne, 133 S. Ct. at 2156-58. In overruling Harris, the Supreme Court explained that mandatory minimum sentences increase the penalty for a crime, and that the facts used to enhance the sentence are offense elements that "must be submitted to the jury and found

4

beyond a reasonable doubt," before an enhanced mandatory minimum sentence can be imposed.  Alleyne, 133 S. Ct. at 2158.

Here, the jury was only instructed to determine whether Clinton used, carried, or possessed the firearm that was used in the robbery.  We find the error was not plain, however, because the overwhelming evidence revealed that the weapon was also discharged at a police officer as the co-conspirators fled. Thus, we have no difficulty finding the error in instructing the jury harmless because it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.  Neder, 527 U.S. at 18.

Accordingly, we affirm Clinton's ten-year sentence for his § 924(c) violation.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED